# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEREMIAH COLLINS, SR., <br><br> Plaintiff, <br><br> v. <br><br> JANE CARROLL, LISA BANGERT, RYAN KASTELIC, and JAMIE COLLINS, <br><br> Defendants. | Case No. 21-CV-497-JPS <br><br> **ORDER** |

On April 19, 2021, Plaintiff Jeremiah Collins, proceeding pro se, filed a complaint in federal court alleging violations of his constitutional rights arising from a state court domestic dispute and divorce proceeding. (Docket #1).[1] Plaintiff sues Milwaukee County Circuit Court Judge Jane Carroll ("Judge Carroll"), the judge who presided over his state court cases; Lisa Bangert ("Bangert"), the guardian ad litem for his children; Ryan Kastelic ("Kastelic"), Plaintiff's divorce attorney, and Jamie Collins ("Jamie"), Plaintiff's ex-wife (collectively, "Defendants"). Judge Carroll timely filed a motion to dismiss on July 21, 2021. (Docket #7, #18). Kastelic timely filed a motion to dismiss on behalf of himself and Bangert, who was never served. (Docket #12, #15). Jamie did not timely file a response, and, on August 3, 2021, Plaintiff filed a motion for default judgment against her. (Docket #16). On August 24, 2021, Jamie, through counsel, timely opposed the motion for default judgment and filed a motion to extend the time to file a response

---

[1] Plaintiff's complaint also refers to the Americans with Disabilities Act (the "ADA"), but there are no allegations that even remotely supported a claim under the ADA.

pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), which the Court granted. (Docket #31). The Court received her motion to dismiss within the new deadline. (Docket #34).

The Court must deny Plaintiff's motion for default judgment against Jamie. Default judgment is only appropriate if a party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Moreover, before moving for default judgment, a plaintiff must request entry of default judgment from the Clerk of Court, which Plaintiff failed to do. *Id.* Here, Jamie timely opposed the motion for default and the Court found good cause to extend her time to file a response to the complaint. She has since filed a motion to dismiss the case, thereby defending herself and rendering default judgment inappropriate under the circumstances. Additionally, for the reasons explained below, the Court is constrained to grant the motions to dismiss and dismiss the case with prejudice.

1.  **LEGAL STANDARD**

Defendants move to dismiss the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When faced with a jurisdictional challenge, the court accepts as true the well-pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). In this context, the court may also consider extrinsic evidence adduced by the parties. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Defendants also move to dismiss the complaint for failing to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the

complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (internal citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations and quotations omitted).

## 2. RELEVANT FACTS

Plaintiff initiated divorce proceedings against Jamie in early 2018. An angered Jamie responded by filing a petition for a temporary restraining order against Plaintiff that allegedly contained false statements about him. Thus, between January 14, 2019 and March 30, 2021, Plaintiff had two cases—a divorce proceeding and a temporary restraining order proceeding—before Judge Carroll.

Plaintiff contends that Jamie lied under oath "during every hearing in the Milwaukee County Courts (most recent March 30, 2021) and fil[ed] multiple false domestic abuse [petitions.]" (Docket #1 at 3). The complaint does not identify any lies allegedly told by Jamie. Plaintiff also alleges that Judge Carroll was biased against him and violated his rights, which destroyed his relationships with his children and caused him financial

distress and embarrassment. Plaintiff does not allege what, specifically, Judge Carroll did.

From April 2018 through August 2020, Bangert served as Plaintiff's children's guardian ad litem. Plaintiff alleges that Bangert also violated his constitutional rights, but he does not say how. Specifically, he states that she "demonstrated disdain for [him] (perhaps because he is a black male), as has been clearly documented (not the least of which is when she told [him] to f*** off in the Milwaukee County Court hallway following a hearing)." (*Id.* at 2). According to Plaintiff, Bangert's actions destroyed his relationships with his children and caused him financial distress and embarrassment.

During the family law proceeding, Kastelic served as Plaintiff's attorney. Plaintiff alleges that Kastelic violated his duties to be diligent, communicative, and provide adequate representation. Kastelic did not focus on the legal issues that Plaintiff wanted him to focus on, ignored Plaintiff's "directives," and "failed and/or refused to communicate with" Plaintiff. (*Id.*) Plaintiff speculates that Kastelic felt he was not "adequately remunerated for his services, although he never requested additional funds." (*Id.*)

3.   **ANALYSIS**

The poorly pled claims against Judge Collins must be dismissed because judges are absolutely immune from liability for any acts carried out in a judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). Plaintiff has provided the Court with cherry-picked citations from various decisions discussing immunity in other contexts. There is no way in which Plaintiff will be able to amend his complaint to work around this well-settled rule.

As for the claims against Kastelic and Jamie, these, too, must be dismissed. Section 1983 provides that any "person who, under the color of" law, causes a person to be deprived "of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. Kastelic was Plaintiff's divorce attorney and Jamie was his ex-wife—they were private citizens who did not act under color of state law, or in concert with a state actor, in these proceedings. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Therefore, they cannot be sued for constitutional rights violations.[2]

The same principles preclude litigation against Bangert. The Seventh Circuit has conferred absolute immunity on guardians ad litem for conduct that is "closely related to a [guardian ad litem's] judicial duties." *Scheib v. Grant*, 22 F.3d 149, 157 (7th Cir. 1994); *Cooney v. Rossiter*, 853 F.3d 967, 970 (7th Cir. 2009); *see also Paige K.B. v. Molepske*, 580 N.W.2d 289 (Wis. 1998) (affirming immunity to a guardian ad litem and noting that "quasi-judicial immunity extends to non-judicial officers when they are performing acts intimately related to the judicial process"). Separately, some courts in this district have held that "state-appointed guardians ad litem are not state actors subject to liability under 42 U.S.C. § 1983." *See e.g.*, *Nelson v. Kujawa*, 2008 WL 2401260, at *2 (E.D. Wis. June 11, 2008) (citing *Kirtley v. Rainey*, 326 F.3d 1088, 1091 (9th Cir. 2003) (evaluating a guardian ad litem's function under a four-factor test and determining that their acts were not "fairly attributable to the government.")). Under either analysis, it is clear that

---

[2] The Sixth Amendment's concern with effective counsel is not implicated in civil proceedings.

Page 5 of 7
Case 2:21-cv-00497-JPS   Filed 01/25/22   Page 5 of 7   Document 41

Plaintiff cannot sue Bangert for alleged constitutional violations arising from her work as a guardian ad litem.[3]

4.  **CONCLUSION**

For the reasons explained above, the Court will grant the motions to dismiss this case with prejudice. The Court declines to give Plaintiff leave to amend. It seems that the real source of his injury is his dissatisfaction with the outcome of the state court proceedings, which this Court has no jurisdiction to review. *Ritter v. Ross*, 992 F.2d 750, 752–54 (7th Cir 1993) (describing the *Rooker-Feldman* doctrine). Although Plaintiff frames his claims as invoking his constitutional rights, he has not alleged a single fact indicating that his First or Fourteenth Amendment rights were violated during the state court proceedings. He "may not circumvent the effect of the *Rooker-Feldman* doctrine simply by casting [his] complaint in the form of a federal civil rights action." *Hill v. Zore*, 671 F. App'x 379, 380 (7th Cir. 2016) (quoting *Remer v. Burlington Area Sch. Dist.* 205 F.3d 990, 997 (7th Cir. 2000)).

Kastelic and Bangert request the Court impose sanctions on Plaintiff considering his "history of abusive litigation tactics." Plaintiff's conduct in this case does not reflect such a history; therefore, the Court will decline to impose sanctions. However, Plaintiff is warned that he should not file anything more in this case after it is closed. Any such submission will be summarily denied. If he takes issue with this Court's decision, he may appeal.

---

[3]On a procedural note, the Court lacks personal jurisdiction over Bangert because Plaintiff never properly served her.

Accordingly,

**IT IS ORDERED** that Defendant Jane Carroll's motion to dismiss (Docket #7) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Lisa Bangert and Ryan Kastelic's motion to dismiss (Docket #15) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Jamie Collins's motion to dismiss (Docket #34) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Docket #16) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge